FREDERICK EDDY *vs.* DAVID AMES, JR. & anotner.

The provisions of *St.* 1844, *c.* 178, § 1, apply to proceedings in insolvency which were pending when it went into operation.

Since *St.* 1844, *c.* 178, went into operation, a discharge of an insolvent debtor is void, if granted by a judge of probate, or master in chancery, at a court not held on the second Monday of a month, or by adjournment, from day to day, of a court held on such Monday.

ASSUMPSIT by the payee against the drawers of a bill of exchange. At the trial in the court of common pleas, before *Ward*, J. the plaintiff gave evidence which was sufficient, *primâ facie*, to entitle him to a verdict.

The defendants offered in evidence a discharge under the insolvent laws of this Commonwealth, granted by a master in chancery on the 6th of November 1844. The plaintiff objected to the admission of this discharge in evidence, and denied that it would, if admitted, be a bar to this action, or have any effect on the claim in suit ; because said discharge did not appear to have been granted, and was not in

fact granted, at any court held according to the following provisions of *St.* 1844, *c.* 178, § 1 : " Every judge of probate, or master in chancery, shall, on the second Monday of every month, hold a court for the proof of claims, the examination of debtors, the *granting of discharges,*" &c., " and for doing any other matter, now cognizable before said judge or master, *relating to* insolvency ; and said proceedings shall be transacted only in said court, and after due notice to all persons in interest ; and if all the business in insolvency, before said judge of probate or master in chancery, cannot be completed on said day, said judge or master may adjourn his court to the next day, and so from day to day, until the same shall, legally and properly, with all reasonable despatch, be disposed of."

The plaintiff introduced the record of the proceedings in insolvency against the defendants, from which it appeared that the warrant to seize their property issued on the 11th of March 1844, returnable on the 30th of said March ; that the second meeting of creditors was held on the 15th of April following ; which meeting was adjourned to the second Monday of May following, and from that day to the second Monday of June, and so on, from the second Monday of that and of each succeeding month, to the second Monday in October, and then to the aforesaid 6th day of November, when said discharge was granted.

The judge thereupon ruled, that the discharge was not a sufficient defence, and a verdict was taken for the plaintiff To this ruling the defendants alleged exceptions.

*R. A. Chapman,* for the defendants.

*Davis & F. Cummins,* for the plaintiff.

SHAW, C. J. The provisions of *St.* 1844, *c.* 178, § 1, took effect in regard to all proceedings to be had in cases of insolvency pending at the time when it went into operation, viz. April 15th 1844. The courts held, after this statute went into operation, at which alone a discharge can be granted, can be held only on the second Monday of each month, or by adjournment, from day to day, of a court held on such Mon-

day. Hence, the discharge, which was granted in this case, on the 6th of November 1844, is void, it having been granted at a court not held on the second Monday of that month, nor by adjournment from day to day of a court held on the second Monday of the preceding month. The master had no jurisdiction.

*Exceptions overruled.*